UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN ESCOBAR,

            Plaintiffs,

                                                        ADOPTION ORDER
            -against-                          14-CV-3091 (ADS) (SIL)

DEL MONACO BROTHERS INDUSTRIES
INC., LOW-PRO TOWING & TRANSPORT
INC., POMARC INDUSTRIES INC., BLACK
STEEL, INC., MICHAEL DEL MONACO, and
LAWRENCE DEL MONACO,
                     Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**The Feather Law Firm, PC**
*Attorneys for the Plaintiff*
666 Old Country Rd, Suite 605
Garden City, NY 11530
      By: David S. Feather, Esq., Of Counsel

**Darrell J. Conway, P.C.**
*Attorney for the Defendants*
179 Little East Neck Road
West Babylon, NY 11704
      By: Darrell John Conway, Esq., Of Counsel

**SPATT, District Judge**.

On May 16, 2014, the Plaintiff Juan Escobar (the "Plaintiff" or "Escobar") commenced this action against his former employers, the Defendants Del Monaco Brothers Industries Inc., Low-Pro Towing & Transport Inc., Pomarc Industries Inc., Black Steel, Inc., Michael Del Monaco, and Lawrence Del Monaco (collectively, the "Defendants"). He asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law § 190 *et seq.* for failure to pay overtime and regular wages; and common law claims for breaching oral and implied employment agreements.

On September 11, 2015, the Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 for summary judgment on all of his claims against the Defendants.

On October 20, 2015, the Plaintiff filed a letter notifying the Court that the Defendants had not filed a brief in response to the Plaintiff's motion.

On October 21, 2015, the Court directed the Defendants to file a letter no longer than two pages explaining why the Court should not construe the Plaintiff's motion as unopposed.

On October 23, 2015, the Defendants filed a letter with the Court indicating that they "are not opposing the [P]laintiff's motion but believe that the violations were not egregious and were truly meant to maintain the [P]laintiff's employment during this past great recession."

On October 24, 2015, the Court issued an order stating that it would deem the Plaintiff's motion as unopposed.

On April 14, 2016, the Court referred the Plaintiff's unopposed motion for summary judgment to United States Magistrate Judge Steven I. Locke to determine (i) whether the Plaintiff has met his summary judgment burden; and (ii) if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On July 27, 2016, Judge Locke issued a report (the "R&R") recommending that:

> summary judgment be granted as to: (1) Escobar's unpaid overtime and minimum wage claims under the FLSA and NYLL; (2) violation of the NYLL regarding the Defendants' duty to provide pay stubs and a notice and acknowledgment of wage rate; (3) breach of an oral contract regarding a reduction in wages from November 2009 through April 16, 2010; and (4) liquidated damages, specifically that Escobar is entitled to liquidated damages under both the FLSA and NYLL.

(See the July 27, 2016 R&R, Dkt. No. 37, at 2.)

On the question of damages, Judge Locke recommended that the Plaintiff be awarded:

> (1) compensatory and statutory damages amounting to $159,314.01, comprised of: $147,806.24 in unpaid overtime, $1,507.77 in minimum wage damages, $5,000 for failure to provide pay stubs, and $5,000 for failure to provide a notice and acknowledgment of wage rate; (2) liquidated damages amounting to $173,562.08, comprised of: $76,441.29 under the FLSA and $97,120.79 under the NYLL; and (3) $69,921.18 in pre-judgment interest, accruing at a daily rate of $36.82 until judgment is entered.

(Id. at 2–3.)

Finally, Judge Locke recommended that "no damages be awarded as to Escobar's breach of contract claim, because, although liability exists as a matter of law, there is a question of fact as to the amount of damages." (Id. at 3.)

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the Court adopts the R&R in its entirety. Within seven days of the date of this Order, the Plaintiff is directed to file a letter with the Court indicating whether he intends to continue litigating the damages portion of his breach of contract claim. If he does not so file, the Court may consider the claim as abandoned and close this case.

**SO ORDERED.**
Dated: Central Islip, New York
August 13, 2016

                                                 <u>*/s/ Arthur D. Spatt*</u>
                                                 ARTHUR D. SPATT
                                             United States District Judge