UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN ESCOBAR,

                              Plaintiff,                **REPORT AND**
                                                          **RECOMMENDATION**
   -against-                                14-CV-3091 (ADS)(SIL)

DEL MONACO BROTHERS INDUSTRIES
INC., LOW-PRO TOWING & TRANSPORT
INC., POMARC INDUSTRIES INC.,
BLACK STEEL, INC., MICHAEL DEL
MONACO, and LAWRENCE DEL
MONACO,

                              Defendants.
-----------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff's application for attorneys' fees and costs. *See* Docket Entry ("DE") [40]. By way of Complaint filed May 16, 2014, Plaintiff Juan Escobar ("Plaintiff" or "Escobar") commenced this wage and hour action against Defendants Del Monaco Brothers Industries Inc. ("Del Monaco Brothers"), Low-Pro Towing & Transport Inc. ("Low-Pro"), Pomarc Industries Inc. ("Pomarc"), Black Steel, Inc. ("Black Steel," and, collectively the "Corporate Defendants"), Michael Del Monaco, and Lawrence Del Monaco (together with Corporate Defendants, "Defendants") alleging: (1) failure to compensate for overtime hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*; (2) failure to pay the minimum wage in violation of the FLSA and NYLL; (3) failure to provide pay stubs

1

in accordance with NYLL § 195(3); (4) failure to provide Plaintiff with a notice and acknowledgement of wage rate pursuant to NYLL § 195(1); (5) breach of an oral contract; (6) breach of an implied contract; (7) unjust enrichment; and (8) quantum meruit. *See* Complaint ("Compl.") DE [1]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff be awarded a total of $29,045.36, comprised of $27,020.00 in attorneys' fees and $2,025.36 in costs.

**I.     Background**

By way of a Complaint dated May 19, 2014, Plaintiff commenced this action against Defendants, seeking to recover damages for violations of federal and state wage-and-hour laws. *See generally* Compl. From 1992 until approximately January 2014, Escobar was an employee of Defendants Del Monaco Brothers, Low-Pro Towing, and Pomarc. *See id.* ¶ 24. Low-Pro, Del Monaco Brothers, and Pomarc are all in the construction business and have shared, and continue to share, the same office, phone number, equipment, and employees. *See id.* ¶¶ 8-11; *see also* Plaintiff's Statement of Undisputed Facts Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Pl. 56.1 Stmt."), DE [31-5]. Individual Defendant Lawrence Del Monaco is the sole shareholder of Pomarc, and owns 50% of the shares in Del Monaco Brothers. *See* Pl. 56.1 Stmt. ¶¶ 1, 6.

On or about August 28, 2014, all Defendants answered except for Black Steel.[1] DE [9]. On September 11, 2015, Escobar filed a motion for summary judgment, DE

---

[1] A Certificate of Default was never obtained against Black Steel.

[31], and on April 14, 2016, the Honorable Arthur D. Spatt referred the motion to this Court to determine whether Escobar had met his summary judgment burden and, if so, whether damages should be awarded and in what amount.  *See* DE [36]. The Court, on or about September 11, 2015, recommended that Plaintiff's unopposed motion for summary judgment be granted and that Plaintiff be awarded: (1) compensatory and statutory damages amounting to $159,314.01, comprised of:  $147,806.24 in unpaid overtime, $1,507.77 in minimum wage damages, $5,000 for failure to provide pay stubs, and $5,000 for failure to provide a notice and acknowledgment of wage rate; (2) liquidated damages amounting to $173,562.08, comprised of:  $76,441.29 under the FLSA and $97,120.79 under the NYLL; and (3) $69,921.18 in pre-judgment interest, accruing at a daily rate of $36.82 until judgment is entered.  *See* DE [21].  On August 13, 2016, Judge Spatt adopted the Court's report and recommendation in its entirety.  *See* DE [23].

Plaintiff now moves for attorneys' fees and costs. Plaintiff seeks to recover a total of $27,020.00 for attorneys' fees for 77.2 hours of work performed and $2,189.34 in costs.  *See* Plaintiff's Memorandum of Law ("Pl. Memo of Law") at 5.  In support of his motion, Plaintiff submits counsel's billing time records from March 10, 2014 through September 7, 2016 and an itemized list of costs.  *See* DE [40-4,5].

## II. Legal Standard

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. §§ 198(1)-(2), 663(1); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446,

3

2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorneys' fees and costs."). In an FLSA case, a plaintiff prevails "if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.' " *Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 203 (E.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).

### III. Discussion

Applying the standards outlined above, and for the reasons set forth below, the Court recommends that Plaintiff be awarded a total of $29,045.36, comprised of $27,020.00 in attorneys' fees and $2,025.36 in costs.

#### A. <u>Attorneys' Fees</u>

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983). In determining a reasonable attorneys' fees award, both the Supreme Court and the Second Circuit have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). In calculating the presumptively reasonable fee, the court should look to what a "reasonable, paying client, who wishes to pay the least

4

amount necessary to litigate the case effectively" would be willing to pay. *Arbor Hill*, 522 F.3d at 184.

    1. <u>Reasonable Hourly Rate</u>

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009)). When an application for attorneys' fees seeks to recover for services that "were performed many years before the award is made, the rates used by the court . . . should be 'current rather than historic hourly rates.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S. Ct. 2463, 2469 (1989)).

Here, Plaintiff seeks an hourly rate of $350 for attorney David S. Feather. *See* Pl. Memo of Law at 4. Mr. Feather has twenty-four years of civil litigation experience. *See* Affirmation of David S. Feather ("Feather Aff."), DE [40-8], ¶¶ 4-5. In those twenty-four years, he has prosecuted and defended cases involving Title VII, the FMLA, ADEA, ADA, New York Executive Law, New York City Administrative Code, FLSA, and NYLL claims. *See id.* ¶ 25. Courts in the Eastern District of New York regularly award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals.

5

*See Ferrara v. CMR Contracting LLC,* 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants."). In determining whether an hourly rate is reasonable, courts must take into account "the nature of [the] representation and type of work involved . . . ." *Bodon v. Domino's Pizza, LLC*, No. 09-cv-2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015). The Second Circuit has determined that a $350.00 per hour rate is a reasonable award for a prevailing plaintiff's attorney in a simple FLSA matter. *See Encalada v. Baybridge Enterprises Ltd.*, 612 F. App'x 54 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 1714 (2016). Accordingly, given Mr. Feather's experience in litigating employment law cases, and the straightforward nature of the instant case, the Court recommends that he be granted an hourly rate of $350.00.

    2. Reasonable Number of Hours

A party seeking to recover attorneys' fees "bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *2 (E.D.N.Y. Apr. 2, 2015). An application for attorneys' fees must be supported "by accurate, detailed, and contemporaneous time records." *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010); *see also Gesualdi v. Gen. Concrete, Inc.*, No. 11-cv-1866, 2013 WL 1192967, at *9 (E.D.N.Y. Feb. 1, 2013) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances.") (quoting *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010)).

6

Contemporaneous time records submitted in support of an application need not contain great detail so long as they identify the general subject matter of time expenditures. *See Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998).

Courts should not award attorneys' fees for "hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939). In reducing an award due to excessive hours, a court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Rather, it is within the court's discretion to reduce an award of attorneys' fees by a specific percentage for duplicative, vague, or excessive billing entries. *See In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.") (internal quotation omitted).

Here, Plaintiff seek attorneys' fees for a total of 77.2 hours of work. *See* Plaintiff's Time Records, DE [40-5]. According to a review of Plaintiff's counsel's records, the 77.2 hours of work was comprised, *inter alia*, of face-to-face meetings with Plaintiff, drafting and filing the Complaint, filing various letters to the Court, attending various conferences, drafting, and responding to, various discovery requests, taking Defendants' deposition, drafting a motion for summary judgment,

7

and preparing for the instant fee application. *See id.* Plaintiff submits records from March 10, 2014 through September 7, 2016, which include the date, the nature of work performed, and the amount of time spent. *See id.* at Ex. A. Upon review of Plaintiff's billing records, the Court is satisfied that they provide sufficient information to assess the reasonableness of Plaintiff's application. *See Perdue*, 13 F. Supp. at 46 (requiring that time entries identify the "general subject matter of time expenditures") (internal quotation omitted). Moreover, the Court concludes that the amount of time spent and the nature of the work conducted is reasonable.

### B. Costs

Both the FLSA and NYLL also provide for the recovery of reasonable costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-cv-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL] similarly allow prevailing Plaintiff to recover costs from defendants."). Recoverable costs generally include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci*, 2015 WL 1529772, at *8 (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). In the absence of adequate substantiation, a party is not entitled to recover costs. *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe*

*Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Here, Plaintiff seek to recover a total of $2,189.34 in total costs. *See* Plaintiff's Time Records, DE [40-5]. Plaintiff seeks $556.91 in costs for filing fees and postage, which the Court finds is generally recoverable. *See, e.g., Cardoza v. Mango King Farmers Market Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015) ("Costs relating to filing fees, process servers, postage and photocopying are ordinarily recoverable."). Plaintiffs also seek $1,468.45 for translation and transcription services, which the Court also finds recoverable. *See Tacuri v. Nithin Constr. Co.*, No. 14-CV-2908, 2015 WL 790060, at *15 (E.D.N.Y. Feb. 24, 2015) ("[I]terpretation services are a recoverable cost."); *see also Kalloo v. Unlimited Mechnical Co. of NY*, 977 F. Supp. 2d 209, 214 (E.D.N.Y. 2013) (finding the costs of transcripts of depositions was a reasonable cost). The Court, however, finds that costs for secretarial services and establishing an escrow account, totaling $163.98, constitute "non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." *Kuzma v. I.R.S.*, 821 F.2d 930, 933-34 (2d Cir.1987). Accordingly, the Court recommends that Plaintiff be awarded $2,025.36 in costs, but that the costs for secretarial services and establishing an escrow account totaling $163.98, be denied.

## IV.   Conclusion

For the reasons set forth herein, it is respectfully recommended that Plaintiff's motion for attorney's fees and costs be granted and that Plaintiff be awarded a total

9

of $29,045.36, comprised of $27,020.00 in attorneys' fees and $2,025.36 in costs. The Court further recommends that the remainder of Plaintiff's application as it relates to costs for secretarial services and establishing an escrow account be denied.

## V. Objections

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      August 3, 2017                 /s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge